UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LUIS JOSE VALENCIA,

                Petitioner,

v.

UNKNOWN PARTY et al.,

                Respondents.
_____/

Case No. 1:26-cv-919

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.     Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.) [1]

---

[1] With his petition, Petitioner filed a motion for an "urgent motion for temporary restraining order and preliminary order (prohibition of transfer)" (ECF No. 2) and a "motion for immediate release or, failing that, bail/conditions during habeas proceedings" (ECF No. 3). Because the Court will

In an order entered on March 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on March 26, 2026. (ECF No. 7.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.3; Notice to Appear (NTA), ECF No. 7-1, PageID.95.) Petitioner entered the United States on August 28, 2021, at or near Eagle Pass, Texas, without inspection. (NTA, ECF No. 7-1, PageID.95.) That same day, Petitioner was encountered and detained by United States Border Patrol. (2021 Form I-213, ECF No. 7-2, PageID.100.) On March 8, 2022, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 7-1, PageID.95.) DHS then released Petitioner on his own recognizance. (2021 Form I-213, ECF No. 7-2, PageID.101.)

On June 30, 2025, an Immigration Judge ordered Petitioner removed. (2025 Form I-213, ECF No. 7-3, PageID.105.) Petitioner filed an appeal of that decision, with remains pending. (*Id.*)[2]

---

deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner's motions seeking relief during the pendency of the proceedings are moot.

[2] Because Petitioner's appeal of his removal order remains pending, Petitioner is not subject to a final order of removal and, with it, mandatory detention under 8 U.S.C. § 1231(a)(2)(A). For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B)

On November 10, 2025, ICE agents arrested Petitioner. (2025 Form I-213, ECF No. 7-3, PageID.104.)

On December 18, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Valencia v Noem*, 1:25-cv-1828 (W.D. Mich.) ("*Valencia I*"). In *Valencia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Valencia I*, (W.D. Mich. Feb. 5, 2026), (ECF Nos. 11, 12).

On February 11, 2026, the Detroit Immigration Court held a custody redetermination hearing. (Feb. 12, 2026, Immigration Judge Order, ECF No. 7-5, PageID.111.) At the conclusion of that hearing the Immigration Judge entered an order denying Petitioner's request for bond because the Immigration Judge determined that "the Department of Homeland Security has proved by a preponderance of the evidence that the Respondent is a flight risk . . . ." Feb. 11, 2026, Immigration Judge Order, *Valencia I*, (W.D. Mich. Feb. 11, 2026) (ECF No. 13-1). The following day, the Immigration Judge entered an amended order, denying Petitioner's request for a custody and stating:

> The Court finds, after an individualized bond hearing held on February 11, 2026, that the Department of Homeland Security proved by a clear and convincing evidence that the Respondent is a flight risk and there are no conditions or combination of conditions that would reasonably assure the Respondent's future appearances at immigration proceedings. See Valencia v. Noem, et al., 1:25-cv-1828 (W.D. Mich.) (Feb. 5, 2026).

(Feb. 12, 2026, Immigration Judge Order, ECF No. 7-5, PageID.111.)

3

**III.    Discussion**

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to conduct a bond hearing. (Pet., ECF No. 1, PageID.7.) Prior to initiating this action, Petitioner had a bond hearing in the Detroit Immigration Court, and the immigration judge issued a written decision denying Petitioner's request for bond. (Feb. 12, 2026, Immigration Judge Order, ECF No. 7-5, PageID.111.)

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the February 11, 2026, bond hearing. Indeed, Petitioner's § 2241 petition and reply do not mention the February 11, 2026, bond hearing. Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[3]

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    April 17, 2026                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge

---

[3] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the December 2025 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.